UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. REED,<br><br>      Petitioner,<br><br>    vs.<br><br>GEORGE B. ALEXANDER,[1] Chairman, Division of Parole; and BRUCE YELICH,[2] Superintendent Altona Correctional Facility,<br><br>      Respondents. | No. 9:05-cv-00236-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Robert I. Reed, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently in the custody of the New York State Department of Correctional Services incarcerated at the Altona Correctional Facility.

## I. BACKGROUND/PRIOR PROCEEDINGS

  Because Reed is specifically not challenging his state court convictions or the underlying judgment, the records before this Court do not include the records of the proceedings leading to his conviction. The Court, however, was readily able to obtain the history of the proceedings leading to his conviction from the decision of the Western District of New York denying his first federal habeas petition challenging his conviction, *Reed v. Great Meadow Correctional Facility*, 981 F.Supp. 184, 186 (W.D.N.Y. 1997).[3]

---

[1] George B. Alexander, Chairman, Division of Parole, substituted for Commissioner Travis, Division of Parole. Fed. R. Civ. P. 17(d).

[2] Bruce Yelich, Superintendent Altona Correctional Facility, substituted for Superintendent Artus, Clinton Correctional Facility. Fed. R. Civ. P. 17(d).

[3] The Court takes judicial notice of this decision. Fed. R. Evid. 201. The Docket of the Western District (Case No. 1:95-cv-00612), of which this Court also takes judicial notice, shows that on December 7, 1998, it received and filed a certified order of the Second Circuit denying Reed's motion for a Certificate of Appealability and dismissing the appeal for failure to make a substantial showing of denial of a federal right.

A Niagara County Court tried petitioner on four counts of first-degree rape in March 1993 (Item 18, pp. 1-2). The four counts of rape were contained in two separate indictments (*Id.*, p. 1). The first indictment alleged that petitioner raped both Wanica Wilson on February 4, 1992 (count one) and Sonya Sealey on June 7, 1992 (count two) (*Id.*). The second indictment alleged that petitioner raped Teresa Knowles twice on December 6, 1992 (counts three and four) (*Id.*). The Niagara County Court permitted the respondent to join the indictments and try all four counts together (*Id.*, pp. 1-2).

A jury convicted petitioner on two of the four counts on March 25, 1993 (*Id.*, p. 2). On April 29, 1993, Niagara County Judge Hannigan sentenced petitioner to two consecutive sentences of 8 1/3 to 25 years (*Id.*). Petitioner filed a motion to vacate the judgment, which was denied on October 29, 1993 (*Id.* p. 3). Petitioner also appealed his conviction to the Supreme Court Appellate Division's Fourth Department. On February 3, 1995, the Fourth Department affirmed petitioner's conviction, but modified his sentences to run concurrently rather than consecutively. *People v. Reed,* 212 A.D.2d 962, 624 N.Y.S.2d 693 (4th Dep't 1995). The New York State Court of Appeals denied petitioner's motion for leave to appeal on June 28, 1995. *People v. Reed,* 86 N.Y.2d 739, 631 N.Y.S.2d 620, 655 N.E.2d 717 (1995).

In April 2002, Reed filed a petition for a writ of habeas corpus in the Western District of New York challenging the loss of 120 days good time following a Tier III prison disciplinary hearing, which the District Court denied on August 8, 2007. [Western District of New York, Case. No. 1:02-cv-00286-RJA-VEB] A review of the docket in that case reveals that no appeal was taken.[4]

In April 2003, Reed made his initial appearance before the New York Parole Board. On April 28, 2003, the Parole Board denied Reed's application for parole and placed a 24-month hold for his next appearance date, April 2005. Reed administratively appealed, and the decision was affirmed January 8, 2004.

In September 2003, Reed filed a petition for a writ of habeas corpus in the Cayuga County Supreme Court, which dismissed his petition on December 17, 2003. The Appellate Division, Fourth Department, affirmed the dismissal on November 19, 2004, and the New York Court of Appeals denied leave to appeal on February 10, 2005. *People ex rel. Reed v. Travis*, 784 N.Y.S.2d 403 (N.Y.A.D. 2004), *lv. denied*, 825 N.E.2d 1092 (N.Y. 2005) (Table).

---

[4] The Court takes judicial notice of the record in the case. Fed. R. Evid. 201.

On January 15, 2004, Reed filed a petition under article 78 of the New York Civil Practice Law and Rules in the Cayuga County Supreme Court, which dismissed his petition on June 15, 2004.  The Appellate Division affirmed the dismissal on June 16, 2005, and the New York Court of Appeals denied leave to appeal on September 13, 2005.  *Reed v. Travis*, 797 N.Y.S.2d 597 (N.Y.A.D.), *lv. denied*, 836 N.E.2d 1152 (N.Y. 2005) (Table).

Reed timely filed his petition in this Court on February 22, 2005

## II.  ISSUES/DEFENSES

Reed seeks immediate release to parole contending he is being illegally confined on an invalid commitment in violation of his constitutional due process rights.[5]  Respondent raises as his sole defense that Reed has not exhausted his state court remedies.[6]

## III.  STANDARD OF REVIEW

Because Reed filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).  In applying this standard, this Court reviews the last reasoned decision by the state court.  *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).  State court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

If a federal claim has not been adjudicated on the merits, AEDPA deference is not required.  *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003).  In that situation, conclusions of

---

[5] Reed carefully notes that in his petition he is not challenging his conviction nor a judgment underlying his conviction.

[6] The defense is, based upon the fact that at the time Reed filed his petition in this Court, his request for leave to file an appeal in the New York Court of Appeals was still pending.

law and mixed questions of fact and law are reviewed *de novo*.  *DeBerry v. Portuondo*, 403 F.3d 57, 67 (2d Cir. 2005).  Where there is no reasoned decision of the state court addressing the ground or grounds raised by the Petitioner on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.  *See Spears v. Greiner*, 459 F.3d 200, 203-04 (2d Cir. 2006).

To the extent that Reed alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief.  This Court may only address violations of federal law.  28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.  Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted).  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.  *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).  It is also presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.  *Fry v. Piler*, 551 U.S. ___, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

## IV.  DISCUSSION

There is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  The fatal flaw in Reed's arguments with respect to his entitlement to immediate release on parole is that, under controlling Second Circuit precedent, New York's parole scheme does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment.  *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *see also Davis v. Dennison*, 219 Fed.Appx. 68, 70 (2d Cir. 2007).

Even if the Court were to reach the merits on Reed's oblique due process claim, Petitioner would not prevail. The New York scheme provides for a review of the inmate's file, a personal interview by the Board, and a statement of its reasons for denying parole.[7] This meets the requirements of due process. *See Greenholtz*, 442 U.S. at 15. Accordingly, Reed is not entitled to relief from the Parole Board, and the petition, as against George B. Alexander, Chairman, Division of Parole, will be denied.[8]

The Court's inquiry does not end there however. Reed contends that he is being held for crimes for which he was never convicted. If that, in fact, is true, then Reed is unlawfully detained and the instant petition is properly brought against the Superintendent of the correctional facility in which he is incarcerated.

Reed's claim is based upon what he perceives to be an error in the commitment order from the Niagara County Court to the New York Department of Correctional Services (DOCS) in Nos. 92-116 and 92-373. That commitment order indicates that he was indicted for two counts of rape in the first degree on each of the indictments. It also indicates that he was convicted of rape in the first degree in each indictment, but does not specify on which count he was convicted. It further identifies the crimes committed as "92-116 - Feb. 24 and June 7, 1992" and "92-373 - Dec. 5, 1992." It further shows that he was sentenced to consecutive terms of 8⅓ to 25 years' imprisonment on each charge. According to Reed, he was never convicted of the June 7 and February 5 alleged crimes. Reed, however, admits in his Article 78 petition that he was found guilty of one of the December 6 "incidents" and the February "incident"; convictions he specifically declines to challenge. The Appellate Division in affirming dismissal of his habeas petition by the Cayuga County Supreme Court, in addressing the merits, stated Reed "would not be entitled to immediate release because there is a valid judgment of conviction underlying the commitment, and thus habeas corpus relief is not appropriate." 784 N.Y.S.2d at 1103.

---

[7] N.Y. Exec. Law §§ 259-i; 9 N.Y. Comp. Codes & Regs. § 8002.3.

[8] The Court also notes that the Appellate Division in its decision affirming dismissal of his article 78 petition noted that the Chairman of the Board of parole had no jurisdiction under New York law to grant Reed his requested relief: vacating the judgment of conviction, invalidating the commitment order, and recalculating his sentence. 797 N.Y.S.2d at 599.

The record before this Court, including Reed's own admissions, makes it clear that he was convicted of two counts of rape in the first degree, one occurring on February 24, 1992, and the other on December 6, 1992. Reed no longer challenges the validity of these convictions. It is also clear that the New York Department of Correctional Services is treating his confinement as being on two convictions, serving concurrent terms of 8⅓ to 25 years on each. Reed's entire claim is based upon his reading of the commitment order as committing him for crimes upon which he was acquitted. At most, the "error" is a clerical (typographical) error in the commitment order from the Niagara County Court to DOCS. Reed complains that he was not properly sentenced in that sentence was imposed based upon crimes he did not commit. Reed offers no evidence to support this argument. The commitment order, by its express terms, is "a true extract from the minutes." The sentencing minutes, not the commitment extracted from those minutes, are the "best" evidence of the crimes for which Reed was sentenced. These minutes are not part of the record before this Court. The record is clear, and Reed acknowledges he was convicted of two counts of rape in the first degree.

Reed's reliance upon *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), is not only misplaced, but *Wampler* holds the very opposite to Reed's position. As the Supreme Court noted in *Wampler*: "The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." 298 U.S. at 465 (internal quotation marks and citations omitted). It is true, as Reed argues, that *Wampler* also held that to the extent a warrant of commitment departs substantively from the judgment that underlies it, it is void. *Id*. The Supreme Court described the function of the commitment as follows (298 U.S. at 466-67) (internal quotation marks and citations omitted):

> A warrant of commitment spends its force, it fulfills what is at least its primary purpose, upon delivery of the prisoner at the place of his imprisonment. When the prisoner is safely in the proper custody, there is no office for a mittimus to perform. Even after such delivery, the warrant is convenient evidence for the protection of the jailer, but it may be lost or destroyed, and detention may be justified by the underlying judgment.

Taken in proper context, *Wampler* mandates Reed's immediate release only if the commitment order attempted to hold him in confinement beyond the term to which he was sentenced as reflected in the judgment of the Cayuga County Court. This Reed has demonstrably failed to

establish. Indeed, if anything, it appears that the exact opposite is true. Reed is being detained on account of the underlying judgment, not the commitment order. Any infirmities or irregularities in the commitment order in this case are the province of state law beyond the purview of this Court in a federal habeas proceeding.

This Court agrees with the Appellate Division. Reed is not entitled to immediate release because there is a valid judgment of conviction underlying the commitment, thus, habeas corpus relief is not appropriate.[9]

## V.  CONCLUSION AND ORDER

Reed is not entitled to relief on the ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).  To the extent the issues raised in the petition were addressed by the Appellate Division, Fourth Department, no reasonable jurist could find that the decision was "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  August 4, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[9] Because the Court may deny the petition on the merits, the failure to exhaust state court remedies notwithstanding, the Court need not reach the exhaustion issue.  28 U.S.C. § 2254(b)(2).