UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. REED,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>GEORGE B. ALEXANDER, Chairman, Division of Parole; and BRUCE YELICH, Superintendent Altona Correctional Facility,<br><br>　　　　　　　　Respondents. | No. 9:05-cv-00236-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 40] |

　　　　At Docket No. 40, Petitioner Robert I. Reed, appearing *pro se*, has timely moved this Court under Rule 59(e), Federal Rules of Civil Procedure, for an order amending the judgment entered herein on August 4, 2008, at Docket No. 39, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

　　　　Generally, district courts may alter or amend a judgment under Rule 59(e) to: (1) correct a clear error of law or fact; (2) present newly discovered or previously unavailable evidence; (3) prevent manifest injustice; or (4) intervening change in controlling law.  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 2810.1 (Civ. 2d ed)*; see Muanfo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d Cir. 2004).  A Rule 59(e) motion, however, "may not be used to relitigate old matters, or raise arguments . . . that could have been raised prior to the entry of judgment."  11 Wright, *et al.*, *Fed. Prac. & Proc.,* § 2810.1; *accord Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995).  Reed's motion, which is nothing more than a rehash of the arguments previously made and rejected by the Court, falls within the last category.  Accordingly,

　　　　**IT IS THEREFORE ORDERED THAT** the Motion to Amend Judgment at Docket No. 40 is **DENIED**.

　　　　Dated: August 21, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　s/ James K. Singleton, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　JAMES K. SINGLETON, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge