UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. REED,<br><br>      Petitioner,<br><br>  vs.<br><br>GEORGE B. ALEXANDER, Chairman, Division of Parole; and BRUCE YELICH, Superintendent, Altona Correctional Facility,<br><br>      Respondents. | No. 9:05-cv-00236-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 54] |

  At Docket No. 54, Petitioner Robert I. Reed, appearing *pro se*, has filed a motion under Federal Rule of Civil Procedure 60 for an order vacating the judgment entered August 4, 2008, at Docket No. 39.

  The record in this case reveals the following history of post-judgment activity in this case:

  August 14, 2008 – Motion to amend or alter judgment [Docket No. 40].

  August 20, 2008 – Motion to correct errors and amend record [Docket No. 42].

  August 21, 2008 – Order denying motion to amend filed at Docket No. 40 [Docket 41].

  August 29, 2008 – Letter Notice of Appeal [Docket No. 44].

  September 10, 2008 – Order denying motion to correct errors and amend record filed at Docket No. 42 [Docket No. 47].

  December 22, 2008 – Order declining to issue a Certificate of Appealability as to all appealable orders [Docket No. 48].

  February 9, 2009 – Motion to vacate judgment under Rule 60(b) [Docket No. 49].

  February 20, 2009 – Order denying motion to vacate judgment at Docket No. 49 [Docket No. 50].

February 26, 2009 – Mandate of Court of Appeals, Second Circuit, dismissing appeal from the judgment at Docket No. 39 and the order denying the motion to amend the judgment at Docket No. 47 [Docket No. 51].

March 2, 2009 – Notice of Appeal from Order re motion at Docket No. 49 [Docket No. 52].[1]

Reed does not specify under which provision of Rule 60 he seeks relief. It appears that he seeks relief under Rule 60(b)(2) "newly discovered evidence" or (b)(6) "any other reason that justifies relief." Reed takes a somewhat different approach in the present motion from that in his first Rule 60(b) motion.[2] In his present motion Reed argues that the Respondents did not include the sentencing minutes in violation of Rules—Governing Section 2254 Cases, Rule 5,[3] and attaches to his motion, as he did in his first Rule 60(b) motion, a transcript of the original sentencing proceedings on April 29, 1993. Reed argues that the transcript clearly reveals that the judgment is invalid because of uncertainty, *i.e.*, it does not reflect the counts upon which he was being sentenced. Assuming, without deciding, that Reed's motion is properly brought under Rule 60(b), he is not entitled to relief.

The transcript of the sentencing proceeding clearly shows that a jury convicted Reed of two counts of rape in the first degree. After hearing from the prosecution and Reed, the trial court orally pronounced the following sentence: "Upon your conviction for rape in the first degree, you're sentenced to eight and a third to 25 on each of them. They're consecutive to each

---

[1] The pending appeal from the denial of his earlier Rule 60(b) motion does not divest this Court of jurisdiction over the pending motion as the motion does not affect those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Even if it did, this Court retains jurisdiction to deny the motion. *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).

[2] Denied because it was more properly brought under Rule 59.

[3] Reed argues that this omission was "because they knew that the minutes contained an invalid sentence, and that the court would see that my sentence was never modified by the Niagara County Court." Whether the sentence was ever modified by the Niagara County Court is not an issue properly before this court. In any event, even if it were, the transcript of the original sentencing proceedings in 1993 would not reflect a modification mandated by the Appellate Division in 1995.

other, they're not concurrent."[4]  Reed cites no authority, either state (New York) or federal, that in orally pronouncing sentence on the record the court must specifically identify the counts upon which sentence is being imposed.  The sentencing court correctly stated that Reed had been convicted of two counts of rape in the first degree and that he was sentenced to an indeterminate term of 8⅓ to 25 years on each count.[5]  Even assuming that New York law requires a sentencing judge to identify the specific counts in orally pronouncing the sentence imposed, that is an issue of state law beyond the purview of this Court.  It does not raise a constitutional issue.[6]  The record in this case clearly establishes that, at this point, as the Appellate Division found in affirming dismissal of his state habeas proceeding, Reed is not entitled to immediate release as there is a valid judgment of conviction underlying the commitment.  Thus, habeas corpus relief is not appropriate.[7]  Accordingly,

**IT IS ORDERED THAT** the Motion at Docket No. 54 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[8]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

---

[4] The Appellate Division, Fourth Department, on appeal directed that the sentences be served concurrently, not consecutively.  *People v. Reed*, 624 N.Y.S.2d 693, 694 (N.Y. App. Div.), *lv. denied*, 655 N.E.2d 717 (N.Y. 1995) (Table).

[5] Reed does not contest the fact that he was convicted of two counts of first-degree rape.

[6] The Second Circuit denied a Certificate of Appealability on Reed's appeal from the judgment because Reed had "not made a 'substantial showing of the denial of a constitutional right.'  28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322 (2003)," and on his appeal from the denial of his Rule 59(e) motion because Reed failed to show that "jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the [reconsideration] motion, states a valid claim of denial of a constitutional right."  (Alteration in the original.)  That Reed's petition fails to raise a valid claim of denial of a constitutional right is the law of this case, which this Court is bound to follow.  *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002).

[7] *People ex rel. Reed v. Travis*, 784 N.Y.S.2d 403 (N.Y. App. Div. 2004), *lv denied*, 825 N.E.2d 1092 (N.Y. 2005) (Table).

[8] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

**IT IS FURTHER ORDERED THAT**:

1. The Clerk of the Court is directed not to accept any further pleading, motion, document, or paper filed by Reed in this case, other than a notice of appeal from this order, unless Reed has first obtained leave of Court to file such pleading, motion, document, or paper; and

2. Any application for leave of court must be accompanied by a memorandum explaining how this Court has jurisdiction, citing at least one federal court decision reached within the past fifty (50) years in which the court granted relief similar to the relief Reed seeks.

Dated: July 31, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge